UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**SERVICIOS AEREOS PLATINUM, C.A.**
a Venezuelan corporation,

    Plaintiff,                            Case No.: 1:18cv23050

v.

**EAGLE SUPPORT CORP.,**
a Florida corporation,

    Defendant.

_____ /

## **COMPLAINT**

Plaintiff, SERVICIOS AEREOS PLATINUM, C.A., hereby files its Complaint against Defendant, EAGLE SUPPORT CORP., and states as follows:

**PARTIES**

1. Plaintiff, SERVICIOS AEREOS PLATINUM, C.A. ("SAP"), is a foreign corporation duly organized and existing under the laws of Venezuela with a principal place of business located at Calla Santa Ana, Edif Centro Penafiel, Unit 58, Boleita Sur., Caracas, Venezuela.

2. Defendant, EAGLE SUPPORT CORP. ("Eagle Support"), is a Florida corporation with its principal place of business located at 8113 N.W. 33rd Street, Doral, Florida 33122, and with a registered agent of Hector A. Schneider located at the same address.

1

## JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332 because both parties are diverse, and the amount in controversy, without interest and costs, exceeds the sum of $75,000.00.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and the Defendant resides in this District. In addition both parties assented to jurisdiction and venue in the subject aircraft purchase agreement.

5. This court has personal jurisdiction over the Defendant because it resides in Miami-Dade County, Florida, and has continuous and systematic contacts with Florida.

## FACTS APPLICABLE TO ALL COUNTS

6. SAP is a Venezuelan corporation located in Caracas, Venezuela that is involved in the aviation industry.

7. Eagle Support Corp. is an aircraft broker located in Doral, Miami-Dade County, Florida.

8. On August 24, 2017, SAP and Eagle Support entered into an Aircraft Purchase Agreement ("Agreement") whereby Eagle Support was the seller, and SAP was the buyer. A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit "A".

9. The contract was for the purchase of one Hawker Beechcraft Corp. B200GT (KingAir) aircraft, manufacturer's serial number BY-107, bearing United States

Registration No. N713GD, and two (2) Pratt & Whitney Canada model PT6A-52 engines bearing manufacturer's serial numbers PCE-RX0289 and PCE-RX0294 ("Aircraft").

10. Pursuant to and in compliance with the terms of the Agreement, SAP tendered the total purchase price amount of $2,000,000.00 to Eagle Support on or before the date of Closing, which was scheduled to occur within fifteen (15) business days following the execution of the Agreement.

11. Final delivery of the Aircraft was supposed to occur in Caracas, Venezuela at the Simon Bolivar Airport shortly after closing.

12. To date, the Aircraft has not been delivered to SAP.

13. Article 9.D.1. of the Agreement provides that in the event of the Seller's default, the Buyer shall have the option to terminate the Agreement by written notice to the Seller, and that the amount of the purchase price is to be immediately refunded to the Buyer without deductions of any kind. It further provided that the Agreement would then terminate, and the parties would have no further obligations under the Agreement. Please refer to Exhibit "A".

14. On April 04, 2018, SAP sent written notice to Eagle Support canceling the subject Agreement, and demanding that the purchase price be refunded via wire to its bank account. A true and correct copy of this letter is attached hereto and incorporated herein as Exhibit "B".

15. On April 16, 2018, Eagle Support sent SAP a letter acknowledging that it had not timely delivered the Aircraft, and requesting an additional ten (10) days from April 16 to deliver the Aircraft to SAP. A true and correct copy of this letter is attached hereto and incorporated herein as Exhibit "C".

16. Again, Eagle Support failed to deliver the Aircraft to SAP.

17. Subsequent to Eagle Support's material breach of the Agreement SAP learned that Eagle Support never had an ownership interest or legal title to the Aircraft. A true and correct copy of the FAA Registry registered owner record is attached hereto and incorporated herein as Exhibit "D".

18. Article 6.A.1.b. of the Agreement falsely states that the Seller is the owner of the Aircraft and is authorized to convey good and marketable title to the Buyer. Please refer to Exhibit "A".

19. Not only is Eagle Support in breach of the Agreement because it failed to (a) deliver the Aircraft or (b) return the purchase price to SAP despite demand, it is also in breach because it never held good and marketable title and falsely represented that it owned the Aircraft.

20. On July 26, 2018, and contemporaneous with the filing of this Complaint, SAP served Eagle Support via-email, certified mail – return receipt requested and via UPS Priority, with a demand made pursuant to Fla. Stat. § 772.11 (Civil Remedy for Theft or Exploitation) specifically advising the Defendant of the circumstances of the demand, the facts supporting the demand, and providing the Defendant an opportunity to cure within thirty (30) days. To date, SAP's demand has been ignored.

21. Plaintiff has been required to retain the services of counsel including the undersigned law firm to pursue its legal rights. Therefore, the Plaintiff is obligated to pay the undersigned law firm a reasonable attorneys' fee for services rendered, and seeks reimbursement from the Defendant for all legal fees and expenses incurred in this action

as damages. All conditions precedent to advancing this Action have either already occurred or been waived.

### Count I
### *Breach of Contract*

22.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

23.  Plaintiff and Defendant entered into a contract whereby Eagle Support was the seller, and SAP was the buyer for the purchase of one Hawker Beechcraft Corp. B200GT (KingAir) aircraft, manufacturer's serial number BY-107, bearing United States Registration No. Aircraft.

24.  Plaintiff performed under the terms of the contract by timely tendering the purchase price of $2,000,000.00 to Defendant on or before the closing date.

25.  Eagle Support materially breached the contract by failing to deliver the Aircraft to SAP as provided for in the Agreement.

26.  Eagle Support also materially breached the contract when it failed to refund the purchase price of the Aircraft to SAP, despite demand and a written notice canceling the Agreement for failure to deliver the Aircraft.

27.  As a result of the material breach, SAP has been dispossessed of its monies totaling $2,000,000.00.

28.  SAP has and continues to be damaged.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against Eagle Support, for all recoverable damages, and for all other relief this Court deems just and proper.

## Count II
### *Conversion*

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

30. In or around August, 2017, Eagle Support converted, to its own use, funds that were then the property of SAP with a total value of $2,000,000.00.

31. Eagle Support converted the funds when it refused to refund the purchase price to SAP despite demand and cancelation of the contract.

32. Eagle Support's act of dominion wrongfully asserted over the funds was inconsistent with SAP's ownership therein.

33. Eagle Support's conversion was done intentionally and has caused and continues to cause damages to SAP.

34. SAP demands punitive damages against Eagle Support.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, and for all other relief this Court deems just and proper.

## Count III
### *Unjust Enrichment*

35. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

36. SAP relinquished possession of the funds into the custody and control of Eagle Support for the purchase of the Aircraft. Upon receipt of the purchase price in full, Eagle Support was to timely deliver the Aircraft to SAP.

37. Instead, Eagle Support not only failed to timely deliver the Aircraft, but has also failed to refund the purchase price of the Aircraft to SAP despite demand to do so.

38. SAP has conferred a benefit on Eagle Support by tendering the purchase price of the Aircraft to Eagle Support.

39. Eagle Support is fully aware of the benefit it has received from SAP, and accepted and retained the benefit conferred in the amount of $2,000,000.00.

40. Since the Aircraft was not timely delivered, it would be inequitable for the Defendant to retain the purchase price of $2,000,000.00 without paying SAP for it.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, and for all other relief this Court deems just and proper.

## Count IV
### *Trespass to Chattels*

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

42. Eagle Support has refused to refund the purchase price of the Aircraft to SAP despite demand to do so, even though those funds rightfully belong to SAP.

43. It was Eagle Support's intention to retain the purchase price of $2,000,000.00 even though it did not hold good and marketable title to the Aircraft, the Aircraft was never timely delivered, and despite demand for a refund of the monies that lawfully belong to SAP.

44. By refusing to tender the refund to SAP, Eagle Support has deprived SAP of the monies that legally belong to it.

45. As a result of the refusal to refund the purchase price, SAP has been damaged in an amount in excess of $2,000,000.00.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, and for all other relief this Court deems just and proper.

## Count V
### *Fraud in the Inducement*

46. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

47. In or around August, 2017, Alfonso Schneider and Hector Schneider on behalf of Eagle Support misrepresented to Gerard Gonzalez of SAP through the parties' Agreement and via oral representations, that it held good and marketable title to the Aircraft, and could pass good and marketable title to the Aircraft upon closing.

48. Alfonso Schneider and Hector Schneider, who acted on behalf of Eagle Support, knew or should have known that Eagle Support could not pass good and marketable title to SAP upon closing because never owned the Aircraft, and never held good and marketable title thereto.

49. Alfonso Schneider and Hector Schneider on behalf of Eagle Support intentionally made this misrepresentation to Gerard Gonzalez of SAP in order to induce SAP to enter into the Agreement for the sale of the Aircraft, and obtain $2,000,000.00.

50. Gerard Gonzalez of SAP did in fact justifiably rely on Alfonso Schneider and Hector Schneider's misrepresentations by entering into the Agreement for the purchase

of the Aircraft, and tendering the purchase price of $2,000,000.00 to Eagle Support on or before the closing date.

51. As a result of Alfonso Schneider and Hector Schneider's, on behalf of Eagle Support's, misrepresentation, SAP has been dispossessed of $2,000,000.00, and has received nothing in return for this consideration.

52. SAP has and continues to be damaged.

53. SAP demands punitive damages against Eagle Support.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, and for all other relief this Court deems just and proper.

## Count VI
### *Fraud*

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

55. In or around August, 2017, Alfonso Schneider and Hector Schneider, on behalf of Eagle Support, made a false statement to Gerard Gonzalez of SAP that it held good and marketable title, and that it could convey good and marketable title to the Aircraft upon closing through the parties' Agreement.

56. Alfonso Schneider and Hector Schneider, who acted on behalf of Eagle Support, knew that this statement was false because it knew that it was not the owner of the Aircraft, and never held good and marketable title to it.

57. Alfonso Schneider and Hector Schneider, on behalf of Eagle Support, made this false statement in order to induce Gerard Gonzalez of SAP to enter into the

Agreement and tender the purchase price of $2,000,000.00 to it. It was never Eagle Support's intention to timely deliver the Aircraft because it never owned it.

58. Gerard Gonzalez of SAP did in fact rely on this false statement by executing the Agreement, and transferring the purchase price for the Aircraft to Eagle Support.

59. SAP has been injured in that the Aircraft was never timely delivered, and the purchase price of $2,000,000.00 was never refunded to it despite demand and in violation of the terms of the Agreement.

60. SAP has and continues to be damaged.

61. SAP demands punitive damages against Eagle Support.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, and for all other relief this Court deems just and proper.

## Count VII
### *Violation of Florida's Deceptive and Unfair Trade Practices Act*
### *Fla. Stat. § 501.211*

62. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

63. At all material times, Eagle Support violated Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211 ("FDUTPA") throughout the transaction that is the subject of this cause of action.

64. At all material times, SAP was and is a "consumer" and "person" within the meaning of FDUTPA.

65. At all material times, Eagle Support engaged in the knowing and intentional misrepresentation of facts material to the purchase and sale of goods in trade or commerce and to SAP's decision (and the consuming public's decision for that matter) with regard to the purchase and sale of the Aircraft.

66. Prior to and during the transaction that is the subject of this cause of action, Eagle Support was aware of and failed to disclose certain material facts regarding the Aircraft and converted the purchase price relative to the Aircraft.

67. If at any time prior to entering into the transaction at issue, Eagle Support revealed to SAP the true facts, SAP would have (1) explored other opportunities regarding the purchase and sale of an aircraft; and (2) would have declined to enter into the Agreement with Eagle Support.

68. At all material times, Eagle Support, by its conduct and by failing to disclose material information about the transaction at issue, and converting the purchase price received a greater economic benefit than would be typical for the transaction.

69. Such action is deceptive and unfair, has mislead SAP, and is likely to mislead consumers engaging in similar transactions with the Defendant.

70. At all material times, Eagle Support's conduct was deceptive, unfair and unconscionable under Fla. Stat. § 501.204, and poses a negative effect upon the market associated with the purchase and sale of aircraft.

71. At all material times, the statutory breach committed by the Defendant as stated herein proximately caused damage to the Plaintiff in an amount to be determined at trial, including, but not limited to, the amounts set forth in paragraph 10 above, and it's attorney's fees and costs incurred in litigating this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, including, but not limited to, it's attorney's fees and costs, and for all other relief this Court deems just and proper.

## Count VIII
### *Violation of Florida's Civil Theft Statute*
### *Fla. Stat. § 772.11*

72. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

73. At all times material hereto, Eagle Support violated Florida's Civil Remedy for Theft or Exploitation Act, Fla. Stat. § 772.11 ("Civil Theft Statute") throughout the transaction that is the subject of this cause of action as more fully described in paragraphs 1 through 21 above.

74. At all material times, Eagle Support engaged in a scheme of deceit concerning the knowing and intentional misrepresentation of facts material to the purchase and sale of goods in trade or commerce and to SAP's decision (and the consuming public's decision for that matter) with regard to the purchase and sale of the Aircraft.

75. Prior to and during the transaction that is the subject of this cause of action, Defendant was well aware of, intentionally misrepresented, and with felonious intent or the intent to deprive the Plaintiff, either temporarily or permanently, the property to the use of any person not entitled to it, and in a scheme of deceit, failed to disclose certain material facts regarding the Aircraft to wrongfully obtain, use or convert the purchase price relative to the Aircraft proximately and legally causing direct and immediate harm to the Plaintiff.

76. If at any time prior to entering into the transaction at issue, Defendant revealed to the Plaintiff the true facts, SAP would have: (1) explored other opportunities regarding the purchase and sale of an aircraft; and (2) would have declined to enter into the Agreement with Eagle Support.

77. At all material times, Defendant by its conduct and by failing to disclose material information about the transaction at issue, and converting the purchase price received a greater economic benefit than would be typical for the transaction.

78. Eagle Support's actions are deceptive and unfair, has mislead SAP, and is likely to mislead consumers engaging in similar transactions with the Defendant.

79. At all material times, Defendant's conduct was deceptive, unfair, unconscionable, and constituted Civil Theft under Fla. Stat. § 772.11, and poses a negative effect upon the market associated with the purchase and sale of aircraft.

80. On July 26, 2018, and contemporaneous with the filing of this Complaint, pursuant to and in compliance with Fla. Stat. § 772.11, a written demand letter was sent to the Defendant advising them of its civil theft and requesting the return of the $2,000,000.00 purchase price at issue within thirty (30) days. To date, the Plaintiff's demand has been ignored.

81. At all material times, the statutory breach committed by the Defendant as stated herein proximately caused damage to the Plaintiff in an amount to be determined at trial, including, but not limited to, the amounts set forth in paragraph 10 above, and it's attorney's fees and costs incurred in litigating this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff for all recoverable damages, including, but not limited to, it's attorney's fees and costs, and for all other relief this Court deems just and proper.

Dated: July 26, 2018.

                                              AERO LAW CENTER
*Attorneys for Plaintiff*
Ft. Lauderdale-Hollywood Int'l Airport
1100 Lee Wagener Blvd., Suite 312
Fort Lauderdale, FL 33315
Telephone: (954) 400-4643
Facsimile: (954) 210-8431
Email: ewing@aerolawcenter.com
        service@aerolawcenter.com


By: /Jonathan A. Ewing/
    JONATHAN A. EWING, ESQ.
    FLORIDA BAR NO.: 40972
    JENNIFER CASTRO, ESQ
    FLORIDA BAR NO.: 48721