UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23050-CIV-MARTINEZ/AOR

SERVICIOS AEREOS PLATINUM, C.A.,

    Plaintiff,

v.

EAGLE SUPPORT CORP.,
HECTOR SCHNEIDER, and
ALFONSO SCHNEIDER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Servicios Aereos Platinum, C.A.'s ("Plaintiff") Post-Judgment Motion for Attorneys' Fees and Costs (hereafter, "Motion for Fees and Costs") [D.E. 115]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 116]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees and Costs be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this diversity action on July 26, 2018 [D.E. 1]. In its Amended Complaint, filed on April 15, 2019, Plaintiff asserted claims against Defendants Eagle Support Corp. ("Eagle Support"), Hector Schneider ("H. Schneider"), and Alfonso Schneider ("A. Schneider"), arising from the non-payment of $2 million for Eagle Support's purchase of two aircraft from Plaintiff. See Am. Compl. [D.E. 50]. On April 2, 2020, Plaintiff dismissed with prejudice its claims against A. Schneider. See Not. of Dismissal [D.E. 95]. On May 9, 2020,

Plaintiff moved for final default judgment against Eagle Support and H. Schneider (together, "Defendants") on its claims under Florida's civil theft statute, Fla. Stat. § 772.11, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUPTA"). See Mot. for Default Judgment [D.E. 110].[1] On May 26, 2020, the Court entered Final Judgment in favor of Plaintiff and against Defendants in the amount of $6 million, plus post-judgment interest. See Final Judgment [D.E. 112].

On August 10, 2020, Plaintiff filed the Motion for Fees and Costs seeking $73,822.50 in attorneys' fees and $659.95 in costs. See Mot. for Fees and Costs [D.E. 115 at 1]. On September 14, 2020, the undersigned issued an Order to Show Cause [D.E. 117] due to Defendants' failure to file a response to the Motion for Fees and Costs and instructed Defendants to either show cause why the Motion for Fees and Costs should not be granted or file a response in opposition to the Motion for Fees and Costs, within 20 days from the date of the Order to Show Cause. Id. Defendants did not comply with the Order to Show Cause.

## DISCUSSION

1. **Entitlement to Attorneys' Fees and Costs**

Florida's civil theft statute provides that the prevailing party is entitled to "reasonable attorney's fees and court costs in the trial and appellate courts." Fla. Stat. § 772.11(1). Having obtained a default judgment on its civil theft claim against Defendants, Plaintiff is therefore entitled to recover its reasonable attorneys' fees and costs from them.

2. **Attorneys' Fees**

Plaintiff's fee request is comprised of the following items:

---

[1] Plaintiff asserted its civil theft claim against Eagle Support directly, and against H. Schneider as Eagle Support's alter ego. See Am. Compl. [D.E. 50].

| Timekeeper | Years of Experience | Hours | Blended Rate ($/hour) | Total ($) |
|---|---|---|---|---|
| *Attorneys* | | | | |
| Jonathan A. Ewing, Esq. | 13 | 48.8 | 425 | 20,740.00 |
| Jennifer Castro, Esq.[2] | 12 | 61.4 | 425 | 26,095.00 |
| Neda Alfaily, Esq. | 1 | 49.2 | 425 | 20,910.00 |
| Jessie Ervolino, Esq. | 5 | 9.3 | 425 | 3,952.50 |
| **Sub-total** | | 168.7 | | **71,697.50** |
| *Paralegal* | | | | |
| Colette Jeanneau | 3 | 8.5 | 175 | 1,487.50 |
| **Total** | | 177.2 | | **73,185.00** |

See Decl. of Jonathan A. Ewing, Esq. in Supp. of the Mot. for Fees and Costs [D.E. 115-1 at 3].

"A reasonable award of attorney's fees is calculated using the lodestar method, which requires the court to multiply the reasonable hours expended by a reasonable hourly rate." Gary Brown & Assocs., Inc. v. Ashdon, Inc., No. 05-CV-80359, 2006 WL 8435138, at *1 (S.D. Fla. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "[T]he Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended." Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC, No. 11-CV-368, 2012 WL 13102412, at *4 (M.D. Fla. 2012) (citing Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Having reviewed the Motion for Attorney's Fees and Costs, and applying her own knowledge and expertise, the undersigned finds that the blended hourly rate and hours expended are reasonable. See Mot. for Fees and Costs [D.E. 115]; Decl. of Jonathan A. Ewing, Esq. in Supp. of the Mot. for Fees and Costs [D.E. 115-1].

3. Costs

Plaintiff's cost request is comprised of the following items:

---

[2] There was a computational error in the figure shown in the Motion for Fees and Costs, which has been corrected. [D.E. 115-1 at 3].

| Items | Amount ($) |
|---|---:|
| Translation services | 99.95 |
| Court reporter, two depositions | 180.00 |
| Process server fee, two individuals | 140.00 |
| Court reporter, attendance at deposition | 240.00 |
| **Total** | **659.95** |

See Decl. of Jonathan A. Ewing, Esq. in Supp. of the Mot. for Fees and Costs [D.E. 115-1 at 3]. The undersigned finds these costs to be reasonable.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E. 115] be **GRANTED** and that Plaintiff be awarded **$73,185.00** in attorneys' fees and **$659.95** in costs for a total award of **$73,844.95** against Defendants jointly and severally liable.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 13th day of October, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

4

Copies via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by mail to:

Eagle Support Corp.
8113 NW 33rd Street
Doral, FL 33122

Hector Schneider
8113 NW 33rd Street
Doral, FL 33122